## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tramaine M. Smith, <br> LeJuan D. Young, and <br> Christopher Lindsey, <br><br>                    Plaintiffs, <br><br> v. <br><br> John W. Prosser, individually, Prosser <br> Holdings LLC d/b/a A.C. Financial, <br> Automotive Restyling Concepts Inc. d/b/a <br> Automotive Concepts, Jeremy Vang, and <br> Toni Lopez, individually, <br><br>                    Defendants. | Civil No. 12-2695 (DWF/JSM) <br><br><br><br> **MEMORANDUM** <br> **OPINION AND ORDER** |

_____

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

William H. Henney, Esq., counsel for Defendants.

_____

### INTRODUCTION

This matter is before the Court on Plaintiffs Tramaine M. Smith and Lejuan D. Young's Motion for Summary Judgment as to Their Claims for Liquidated Damages Pursuant to Minn. Stat. § 53C.12 Subd. 3 (Doc. No. 20). For the reasons set forth below, the Court denies Plaintiffs' motion.

### BACKGROUND

The central facts and procedural history of this case are largely undisputed by the parties for purposes of this motion.

John Prosser is the principal owner and chief manager of Defendant Prosser Holdings, LLC, which does business as A.C. Financial. (Doc. No. 33, Prosser Aff. ¶ 2.) He is also the principal owner and president of Automotive Restyling Concepts, Inc., which does business as Defendant Automotive Concepts, Inc. (*Id.*)

On January 19, 2012, Blane Tschida, a sales and finance agent for Defendant Prosser Holdings, LLC, sold Plaintiff Young a 2006 Cadillac DTS. (*Id.* ¶¶ 7, 19; Doc. No. 22, Young Aff. ¶ 5.) When Plaintiff Young purchased the Cadillac DTS, Tschida told him that A.C. Financial was financing the Cadillac, and that Young would make payments to A.C. Financial. (Young Aff. ¶ 5.) Tschida and Young signed a Retail Installment Contract and Security Agreement ("RICSA") for the vehicle on January 19, 2012. (*Id.* ¶ 2, Ex. 1 ("2006 Cadillac DTS RICSA") at 2.) The RICSA indicated that the "Contract and Security Agreement" was assigned to A.C. Financial on the same date. (*Id.*) The RICSA also imposed a "finance charge" of $5,592 for the 2006 Cadillac DTS on Plaintiff Young. (*See id.* at 1.) Young made a down payment of $3,000 as well as four subsequent payments totaling $1,132 for the 2006 Cadillac DTS. (Doc. No. 33, Prosser Aff. ¶ 30.) Young's additional payments included $473 in principal and $659 in interest. (*Id.*) Young had the use and possession of the 2006 Cadillac from January 19, 2012 until June 22, 2012, when he traded it in to Automotive Concepts for a 2007 Chevrolet Tahoe. (*Id.* ¶ 22.)

Also on January 19, 2012, Tschida sold a 2006 Dodge Charger to Plaintiff Tramaine Smith. (Doc. No. 23, Smith Aff. ¶¶ 2, 4.) A.C. Financial financed the sale of

that vehicle as well. (*Id.* ¶ 10.) Tschida and Smith signed a RICSA for the vehicle on January 19, 2012. (*Id.* ¶ 2, Ex. 1 ("2006 Dodge Charger RICSA") at 2.) The RICSA indicated that the "Contract and Security Agreement" was assigned to A.C. Financial on the same date. (*Id.*) The cost of financing noted on the Charger RICSA was $7,049.26. (*See id.* at 1.) Smith made a down payment of $1,500 and made five subsequent payments on the Charger totaling $2,369. (Doc. No. 33, Prosser Aff. ¶ 28.) Smith's total payments included $2,675.54 in principal and $1,193.46 in interest. (*Id.*) Smith failed to make several payments on the loan. (*Id.* ¶ 10.) Smith had use and possession of the 2006 Dodge Charger from January 19, 2012 until it was repossessed by Defendants on September 5, 2012. (*Id.* ¶ 11; Doc. No. 34 at 4.)

On March 21, 2012, Plaintiff Smith also purchased a 2008 Cadillac DTS from Defendant Automotive Concepts. (Smith Aff. ¶¶ 7, 9, Ex. 2 ("2008 Cadillac DTS RICSA").) That sale was also financed by A.C. Financial. (*Id.* ¶ 10.) Tschida and Smith executed a RICSA for the vehicle on March 21, 2012. (2008 Cadillac DTS RICSA at 2.) Just like the others, the 2008 Cadillac DTS RICSA indicated that the "Contract and Security Agreement" was assigned to A.C. Financial on the same date. (*Id.*) The finance charge for the sale of the vehicle was $7,780.84. (*See id.* at 1.) Smith made a down payment of $5,500 and made additional payments totaling $1,132 on the Cadillac. (Doc. No. 33, Prosser Aff. ¶ 29.) Smith had use and possession of the 2008 Cadillac from March 21, 2012 until he traded it for a 2005 Cadillac Escalade on May 29, 2012. (*Id.*)

Plaintiffs recently filed an Amended Complaint in this case, which asserts the following violations: (1) RICO; (2) EFTA; (3) MMVRISA; (4) Minnesota General Usury Law; (5) Common Law Fraud; (6) Conversion; (7) Wrongful Repossession and Breach of Peace; and (8) FDCPA. (Doc. No. 47, Am. Compl. ¶¶ 279-338.) Plaintiffs Smith and Young claim to be entitled to liquidated damages from A.C. Financial and Automotive Concepts pursuant to MMVIRSA, Minn. Stat. §§ 53C.02, 53C.08, and 53C.12, as that claim is set forth in Count III of their Amended Complaint. (*Id.* ¶¶ 310, 313.) Plaintiffs allege that Defendant A.C. Financial violated Minn. Stat. § 53C.02, by acting as a sales finance company without the required license when it took assignment of their RICSAs. The Court now considers their motion for partial summary judgment with respect to liquidated damages.

## DISCUSSION

**I.    Summary Judgment Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed

'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.     Motion for Partial Summary Judgment

Plaintiffs Smith and Young bring this motion for partial summary judgment alleging that they are each entitled, as a matter of law, to liquidated damages in the amount of three times the finance charges imposed against them pursuant to Minn. Stat. § 53C.12, subd. 3. Specifically, they claim that Defendant A.C. Financial owes Plaintiff Smith $44,490.30 and Plaintiff Young $16,776.00 in liquidated damages, plus attorney fees. (Doc. No. 21 at 26.)

Minnesota Statute Section 53C.12 provides:

> **53C.12 VEHICLE SALES FINANCE COMPANY VIOLATIONS; REMEDIES.**
> Subdivision 1. **Criminal violations.**
>      Any person engaged in the business of a sales finance company in this state without a license therefor as provided in sections 53C.01 to 53C.14 shall be guilty of a gross misdemeanor and punished by a fine not

5

> exceeding $3,000, or by imprisonment for a period not to exceed one year, or by both such fine and imprisonment in the discretion of the court.
>
> Subd. 2. **Fraudulent violations.**
>
> In case of a fraudulent violation of any provision of sections 53C.01 to 53C.14, the buyer shall have a right to recover from the person committing such violation, to set off or counterclaim in any action by such person to enforce such contract an amount as liquidated damages, the whole of the contract due and payable, plus reasonable attorneys' fees.
>
> Subd. 3. **Other violations.**
>
> In case of a failure to comply with any provision of sections 53C.01 to 53C.14, other than a fraudulent violation, the buyer shall have a right to recover from the person committing such violation, to set off or counterclaim in any action by such person to enforce such contract an amount as liquidated damages equal to three times the amount of any time price differential charged in excess of the amount authorized by sections 53C.01 to 53C.14 or $50, whichever is greater, plus reasonable attorneys' fees.

Minn. Stat. § 53C.12.

The only question before the Court for purposes of the instant motion is Plaintiffs Smith and Young's entitlement to liquidated damages. Plaintiffs do not allege that the violations in the case were "fraudulent" as would be required for subdivision 2 of Minn. Stat. § 53C.12 to apply. There appears to be no dispute that subdivision 3, which governs "other violations," is the applicable subpart to the dispute at hand.

Nor do Defendants seem to dispute that they violated MMVRISA. Rather, Defendants argue that Plaintiffs Young and Smith should only recover liquidated damages based on a time price differential of 8 percent less than the 23.25 percent claimed by Plaintiffs.

Plaintiffs maintain that the "amount authorized" was in fact zero (because Defendants were not permitted to impose any finance charge at all without a license), and

6

the "price differential charged in excess of the amount authorized" was three times the total finance charges. *See* Minn. Stat. § 53C.12, subd. 3. In this manner, they claim they must each recover liquidated damages amounting to three times the finance charges imposed against them plus attorney fees. *See id.*

Plaintiffs propose that the "time price differential charged" pursuant to the statute must amount to "the full cost of credit imposed by the RICSAs" and not the amounts actually paid by Plaintiffs to date. (Doc. No. 21 at 13 n.8.) Thus, Plaintiffs contend that liquidated damages amounting to three times the original finance charges quoted are mandated by law regardless of how much they actually paid on their vehicles or toward the cost of financing. In this particular case, however, to award damages in such an amount would result in a windfall for Plaintiffs, who made only a few payments, and who had full use of the vehicles and, in one case, paid nothing for several months. The Court expresses concern about the prospect of awarding damages based on a base figure of an amount demanded, but for which the buyers have not been held financially liable at this point in time.

The Court declines to adopt Plaintiffs' reasoning here. As articulated by the Minnesota Supreme Court, "the plain purpose of the MMVRISA is to require disclosure to consumers of the cost of credit extended to them, including sale price, amount of down payment, insurance charges, and finance charges." *Scott v. Forest Lake-Chrysler-Plymouth-Dodge*, 611 N.W.2d 346, 351 (Minn. 2000). As further made clear by the Minnesota Court of Appeals, "[t]he legislature did not intend that a technical violation of

the statute would be used to enrich the buyer." *Scott v. Forest Lake Chrysler*, 668 N.W.2d 45, 49 (Minn. Ct. App. 2003). As in *Scott*, it appears that the buyers here "did not incur any damages or harm." *Id.* While *Scott* dealt with an alleged intentional harm, the Court concludes that the same reasoning applies. *See id.* ("By holding that a technical violation of the statute without any claim of loss does not justify the buyer's receipt of intentional damages, we avoid an award of significant damages to an appellant who does not even claim that any harm has occurred."). The Court finds that the technical violation here does not mandate liquidated damages in an amount three times the assessed finance charges, which would clearly result in a windfall for Plaintiffs who have suffered no harm, but rather received a benefit of having use of the vehicles, in one case free of payment, for several months.[1]

While the Court declines to award damages at this time, in light of the counterclaims asserted by Defendants and the potential offset in this case, the Court notes that it finds compelling Defendants' arguments in support of a reduction of the requested liquidated damages. Nevertheless, the Court finds the record insufficient to award liquidated damages to Plaintiffs Young and Smith today in a particular amount. Still, the Court further concludes that the statutory damages contemplated by the legislature pursuant to Minn. Stat. § 53C.12, subd. 3, do not require the Court, for each and every

---

[1] While it is true that the Minnesota Court of Appeals held in *Scott* that "a violation of the MMVRISA without a claim of loss, damage, or harm to the consumer is limited to the damages awarded for an unintentional violation of the statute," the liquidated damages in that cases amounted to only $50. *See Scott*, 668 N.W.2d at 50.

"other" (non-fraudulent) violation of the statute, to uniformly impose liquidated damages to the full extent authorized by the statute—in this case, an amount equal to three times the finance charges imposed (where only a portion of such charges were paid). Notably, the statute confers upon buyers the "right to recover" such damages, but does not state that buyers "shall recover" said damages; the plain meaning of the statutory language, as well as the relevant case law, suggest that the full amount of damages permitted by the statute may not be warranted, or appropriate, where such damages would amount to a windfall for consumers who have suffered no harm or injury arising from an unintentional violation. Minn. Stat. § 53C.12, subd. 3; *see Scott*, 668 N.W.2d at 49.

Given the dearth of case law on these particular facts renders difficult indeed any decision by the Court on the subject of liquidated damages. The Court remarks that this case would likely benefit from a settlement conference and directs the parties to engage in full and frank settlement discussions of the matter as scheduled before the Magistrate Judge.

The Court acknowledges that, because Defendants do not appear to dispute the MMVRISA violations, Plaintiffs are likely entitled to liquidated damages under the statute. Nonetheless, to award any partial damages in a specific amount at this time would be premature, particularly in light of the remaining claims and counterclaims in this matter. Still, the Court declines to hold that Minn. Stat. § 53C.12 requires the imposition of the full amount of liquidated damages requested by Plaintiffs Smith and

Young here.  Thus, the Court denies Plaintiffs' motion without prejudice and reserves the right to award liquidated damages at a later time.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs Tramaine M. Smith and Lejuan D. Young's Motion for Summary Judgment as to Their Claims for Liquidated Damages Pursuant to Minn. Stat. § 53C.12 Subd. 3 (Doc. No. [20]) is **DENIED WITHOUT PREJUDICE**.

Dated:  April 11, 2013                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge