## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tramaine M. Smith and<br>LeJuan D. Young,<br><br>    Plaintiffs,<br><br>v.<br><br>John W. Prosser, individually; Prosser<br>Holdings LLC d/b/a A.C. Financial;<br>and Automotive Restyling Concepts<br>Inc., d/b/a Automotive Concepts,<br><br>    Defendants. | Civil No. 12-2695 (DWF/JSM)<br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

William H. Henney, Esq., counsel for Defendants.

### INTRODUCTION

This matter is before the Court on Plaintiffs Tramaine M. Smith ("Smith") and LeJuan D. Young's ("Young") (collectively, "Plaintiffs") Second Motion for Summary Judgment or, in the Alternative, Motion to Certify Questions to the Minnesota Supreme Court. (Doc. No. 107.) For the reasons set forth below, the Court denies Plaintiffs' motion.

BACKGROUND

The relevant facts of this case have been fully set forth in the Court's April 11, 2013 Memorandum Opinion and Order addressing the same issues ("April 2013 Order") (Doc. No. 51), and also in Magistrate Judge Janie S. Mayeron's June 4, 2014 Memorandum on Plaintiffs' Motion to Amend their Amended Complaint to Plead Punitive Damages ("June 2014 Magistrate Order") (Doc. No. 131). The Court will briefly summarize the facts below.

This case relates to Plaintiffs' purchase of various vehicles from Defendants. Defendants financed the vehicles at issue. The vehicles were ultimately repossessed. With respect to this motion, which relates to Plaintiffs' claims for violations of the Minnesota Motor Vehicle Retail Installment Sales Act ("MMVRISA"), the parties generally agree that at the time Defendants offered financing to Plaintiffs for the purchase of the vehicles at issue, Defendants were not properly licensed under Minnesota sales financing laws.

In their Second Amended Complaint, Plaintiffs assert the following claims: (1) Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) Violations of the Electronic Fund Transfer Act ("EFTA"); (3) Violations of MMVRISA; (4) Violations of the Minnesota General Usury law; (5) Common Law Fraud; (6) Conversion; (7) Wrongful Repossession and Breach of Peace; and (8) Punitive Damages.[1] (Doc. No. 133 ("Second Am. Compl.") ¶¶ 228-83.)

---

[1] Count VIII for violations of the FDCPA was previously dismissed. (Doc. No. 131 at 37.)

On January 9, 2013, Plaintiffs moved for summary judgment on their claims for liquidated damages with respect to Count III (MMVRISA violations). (Doc. No. 20.) The Court ruled on Plaintiffs' motion in its April 2013 Order and denied the motion without prejudice. (Doc. No. 51.) Plaintiffs now move again for summary judgment on the same claims for liquidated damages under MMVRISA. (*See generally* Doc. Nos. 107, 109.)

## DISCUSSION

### I.     Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary

judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II.    Liquidated Damages Under MMVRISA

Plaintiffs seek summary judgment for the second time on their liquidated damages claims under the MMVRISA.  Plaintiffs maintain that because Defendants do not dispute that they were not licensed at the time they offered financing to Plaintiffs, summary judgment should be granted in Plaintiffs' favor.  Plaintiffs seek damages in the amounts of $44,490.30 and $16,776 for Plaintiffs Smith and Young, respectively.  Plaintiffs arrive at these amounts based on their reading of Minn. Stat. § 53C.12, subd. 3, of the MMVRISA.  Specifically, Plaintiffs argue that Minn. Stat. § 53C.12, subd. 3, which states that "the buyer shall have a right to recover . . . an amount as liquidated damages equal to three times the amount of any time price differential charged in excess of the amount authorized by the sections 53C.01 to 53C.14 or $50, whichever is greater, plus reasonable attorneys' fees," means they are entitled to three times Defendants' total finance charges for each vehicle because Defendants were not authorized to offer *any* financing as they were unlicensed.

In support of their renewed motion, Plaintiffs argue that prior decisions in this case have no preclusive effect on this motion.  Specifically, Plaintiffs argue that issue preclusion does not apply because the prior opinions were not essential to the orders entered, and also that the "law of the case" doctrine should not apply because the prior

decisions are "clearly erroneous" and would work "manifest injustice." *(See generally* Doc. No. 109 at 10-24.)

In the Court's April 2013 Order addressing Plaintiffs' motion for summary judgment as to their claims for liquidated damages, the Court declined to award liquidated damages at that time and further declined to adopt Plaintiffs' reasoning regarding the amount due under the MMVRISA. (Doc. No. 51 at 7.) Specifically, the Court declined to award liquidated damages amounting to three times the original finance charges. (*Id.*) The Court "express[ed] concern about the prospect of awarding damages based on a base figure of an amount demanded, but for which the buyers have not been held financially liable at this point in time." (*Id.*) The Court found that "the technical violation here does not mandate liquidated damages in an amount three times the assessed finance charges, which would clearly result in a windfall for Plaintiffs who have suffered no harm, but rather received a benefit of having use of the vehicles, in one case free of payment, for several months." (*Id.* at 8.) The Court further stated:

> While the Court declines to award damages at this time, in light of the counterclaims asserted by Defendants and the potential offset in this case, the Court notes that it finds compelling Defendants' arguments in support of a reduction of the requested liquidated damages. Nevertheless, the Court finds the record insufficient to award liquidated damages to Plaintiffs Young and Smith today in a particular amount. Still, the Court further concludes that the statutory damages contemplated by the legislature pursuant to Minn. Stat. § 53C.12, subd. 3, do not require the Court, for each and every "other" (non-fraudulent) violation of the statute, to uniformly impose liquidated damages to the full extent authorized by the statute—in this case, an amount equal to three times the finance charges imposed (where only a portion of such charges were paid). Notably, the statute confers upon buyers the "right to recover" such damages, but does not state that buyers "shall recover" said damages; the plain meaning of the statutory language, as well as the relevant case law, suggest that the full amount of

5

> damages permitted by the statute may not be warranted, or appropriate, where such damages would amount to a windfall for consumers who have suffered no harm or injury arising from an unintentional violation. Minn. Stat. § 53C.12, subd. 3; *see Scott*, 668 N.W.2d at 49.

(*Id.* at 8-9.) Finally, the Court clarified that although Plaintiffs are likely entitled to liquidated damages under the statute, and Defendants do not dispute this, "to award any partial damages in a specific amount at this time would be premature, particularly in light of the remaining claims and counterclaims in this matter. Still, the Court declines to hold that Minn. Stat. § 53C.12 requires the imposition of the full amount of liquidated damages requested . . . ." (*Id.* at 9.)

At this stage, the Court declines to deviate from its prior ruling and reasoning in its April 2013 Order. Plaintiffs have presented no new facts or circumstances that would necessitate any changes by this Court. Furthermore, what Plaintiffs seek is nothing more than reconsideration of the Court's previous summary judgment order. Therefore, the issues presented by Plaintiffs are not properly before this Court. Nevertheless, the Court continues to hold that Minn. Stat. § 53C.12 does not require the imposition of the full amount of liquidated damages as requested by Plaintiffs, and further continues to maintain that a determination on the amount of liquidated damages is premature at this time given the remaining claims and counterclaims. The amount of liquidated damages is best determined at trial when all pending claims and damages are resolved.

Even assuming Plaintiffs had properly filed a request for reconsideration, the Court would deny any such request. First, Local Rule 7.1(j) requires that a party seeking permission to file a motion for reconsideration must "show compelling circumstances to

6

obtain such permission." D. Minn. LR 7.1(j).  A motion to reconsider should not be employed to relitigate old issues, but rather to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dept. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).  Here, Plaintiffs have failed to show "compelling circumstances" and instead are simply relitigating old issues.  It is true that the Court "reserve[d] the right to award liquidated damages at a later time," but this is not that time considering the lack of any changed information or circumstances before the Court.  (Doc. No. 51 at 10.)

Additionally, Plaintiffs' claim that the Court's prior summary judgment order, as well as prior Magistrate Judge orders, are "clearly erroneous" also fails to compel reconsideration of the Court's decision.  Plaintiffs argue that the Court's decisions, if they stand, "would turn MMVRISA into a consumer protection with little to no value . . . [and] would allow the finance companies regulated by the law to violate it with no real consequences." (Doc. No. 109 at 14.)  The Court disagrees.  Awarding damages other than the substantial windfall Plaintiffs seek is consistent with the language and intent of the MMVRISA, and provides consequences for violations of the MMVRISA.

Based on the information presented by the parties, the Court concludes that Plaintiffs have failed to demonstrate compelling circumstances to justify deviation from the Court's April 11, 2013 Order.  Thus, the reasoning of the Court's April 11, 2013

Order still stands and liquidated damages are more properly addressed once this case has been fully litigated.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Summary Judgment or, in the Alternative, Motion to Certify Questions to the Minnesota Supreme Court (Doc. No. [107]) is **DENIED WITHOUT PREJUDICE**.

Dated:  July 18, 2014          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge

---

[2]    Plaintiffs also seek, in the alternative, certification to the Minnesota Supreme Court if the Court declines to grant summary judgment.  As Plaintiffs state, use of a state's certification procedure by a federal district court "rests in the sound discretion of the federal court."  *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974); *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881-82 (8th Cir. 1996).  The Court declines to exercise its discretion here and finds certification to the Minnesota Supreme Court to be unnecessary at this time.