**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tramaine M. Smith and<br>LeJuan D. Young,<br><br>           Plaintiffs,<br><br>v.<br><br>John W. Prosser, individually; Prosser<br>Holdings LLC d/b/a A.C. Financial;<br>and Automotive Restyling Concepts<br>Inc., d/b/a Automotive Concepts,<br><br>           Defendants. | Civil No. 12-2695 (DWF/JSM)<br><br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

William H. Henney, Esq., counsel for Defendants.

## INTRODUCTION

This matter is before the Court on a Motion for Corrective Order brought by Defendants John W. Prosser, individually; Prosser Holdings LLC, d/b/a A.C. Financial; and Automotive Restyling Concepts Inc., d/b/a Automotive Concepts (together, "Defendants").  (Doc. No. 121.)  For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

## DISCUSSION

Defendants request that the Court enter an order correcting the Court's Order (Doc. No. 76) dismissing Plaintiff Christopher Lindsey ("Lindsey").  (*See* Doc. No. 123.)

Defendants contend that the parties agreed that Lindsey's claims against Defendants would be dismissed, but that Defendants did not intend that their counterclaims against Lindsey be dismissed. (*See id.*) Defendants' counterclaims against Lindsey relate to alleged default with respect to vehicle loan agreements with Defendants. (*See* Doc. No. 48 ¶¶ 5, 6 (Counterclaims).) The parties' stipulation and, as a result, the Court's Order, did not explicitly address counterclaims. (Doc. Nos. 72, 76.)

For this motion, Defendants argue that because their counterclaims against Lindsey are compulsory, the Court maintains jurisdiction. Plaintiffs disagree that this Court has jurisdiction and request that the Court dismiss the counterclaims without prejudice and allow Defendants to proceed in State Court.

Under Federal Rule of Civil Procedure 13(a), which relates to compulsory counterclaims, a pleader "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). At the time of service, Defendants' counterclaims with respect to Lindsey were compulsory counterclaims "arising out of" the same "transaction or occurrence" at issue in the Complaint and were properly before this Court.

However, at this time, because Plaintiff Lindsey has been dismissed, and therefore all claims over which this Court originally had jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction with respect to Defendants' counterclaims against Lindsey. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has

dismissed all claims over which it has original jurisdiction"); *see also Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 732 (8th Cir. 2004) (affirming the district court's decision to decline the continued exercise of supplemental jurisdiction over the plaintiff's remaining state law claims once federal RICO claims had been dismissed).

Thus, Defendants' motion is denied to the extent they seek to proceed with their counterclaims against Lindsey, and the Court dismisses the counterclaims against Lindsey without prejudice.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Corrective Order (Doc. No. [121]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants may not proceed with their counterclaims against Lindsey; and

2. The Court's October 2, 2013 (Doc. No. [76]) Order shall be amended to read as follows:

Based upon the Stipulation for Dismissal Without Prejudice Plaintiff Christopher Lindsey filed by the parties on October 1, 2013 (Doc. No. [72]),

**IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** and on the merits, without costs or disbursements to any party, including Defendants' counterclaims against Christopher Lindsey.

Dated: July 18, 2014             s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge